IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES THORNTON,<br><br>    Plaintiff,<br><br>v.<br><br>AAA MOVING AND STORAGE,<br><br>    Defendant. | CIVIL ACTION NO.:<br><br>1:25-cv-667<br><br>JURY DEMAND |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for legal and equitable relief for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"), as amended. Plaintiff, James Thornton, alleges that he was unlawfully terminated from his employment because of his disability and in retaliation for requesting a reasonable accommodation to manage his condition.

### II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 12117.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred in Enterprise, Coffee County, Alabama, within the Southern Division of the Middle District of Alabama.

## III. PARTIES

4. Plaintiff James Thornton ("Plaintiff" or "Mr. Thornton") is a citizen and resident of Shorterville, Alabama. At all relevant times, Plaintiff was an "employee" within the meaning of the ADA.

5. Defendant AAA Moving Company ("Defendant") is a private employer doing business in Enterprise, Alabama, and was Plaintiff's employer within the meaning of the ADA, employing at least 15 employees at all relevant times.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission alleging disability discrimination and retaliation.

7. The Equal Employment Opportunity Commission issued Mr. Thorton a Right to Sue letter. This action is timely filed within ninety (90) days of his receipt of said letter.

## V. FACTUAL ALLEGATIONS

8. Plaintiff began working for Defendant AAA Moving Company as a Driver.

9. Plaintiff is an individual with a disability as defined by the ADA. Specifically, he has diabetes, which substantially limits one or more major life activities, including endocrine function.

10. Defendant, through its manager and owner Howard Moore, had actual knowledge of Plaintiff's disability.

11. In or around 2024, Plaintiff requested reasonable accommodation related to his diabetic condition so that he could access medical care and manage his health.

12. Instead of engaging in the interactive process, Defendant removed Plaintiff's health insurance coverage without notice. Although coverage was later reinstated briefly, Plaintiff was subsequently terminated on or about November 21, 2024.

13. Defendant did not offer Plaintiff any reason for his termination.

14. Plaintiff was the only driver terminated at that time. Similarly situated non-disabled drivers retained their jobs.

15. Defendant never engaged in a good faith discussion to determine whether accommodations were feasible.

16. Plaintiff believes and alleges that Defendant's stated reasons for his termination were pretextual, and that the real reasons were unlawful disability discrimination and retaliation for requesting accommodations.

## VI. CAUSES OF ACTION

### COUNT I —DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

17. Plaintiff incorporates paragraphs 2-16 above as if fully set forth herein.

18. Plaintiff was qualified for his position and could perform the essential functions of his job with or without reasonable accommodation.

19. Defendant terminated Plaintiff because of his disability and/or because it regarded him as disabled, in violation of the ADA.

20. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered lost wages, benefits, emotional distress, and other damages.

### COUNT II —RETALIATION IN VIOLATION OF THE ADA

20. Plaintiff incorporates paragraphs 2-16 above as if fully set forth herein.

21. Plaintiff engaged in a protected activity by requesting reasonable accommodation for his diabetes. Specifically, when he requested access to medical care.

22. Defendant retaliated against Plaintiff by terminating his employment shortly after his request.

23. As a direct and proximate result of Defendant's retaliation, Plaintiff suffered damages including loss of income and emotional distress.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Award Plaintiff compensatory damages for lost wages, benefits, emotional distress, and other harm;

C. Award Plaintiff punitive damages;

D. Award Plaintiff his costs and reasonable attorney's fees; and

E. Order such other and further relief as this Court deems just and proper.

Dated: August 21, 2025.

/s/ Eric C. Sheffer
Eric C. Sheffer
**Counsel for Plaintiff**

**OF COUNSEL:**
**WIGGINS, CHILDS, PANTAZIS,**
**FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500
E-mail: esheffer@wigginschilds.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

/s/ Eric C. Sheffer
**OF COUNSEL**